**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 20 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

AL SHLOMO KLAUS,

Defendant - Appellant.

No. 11-56444

D.C. No. 2:09-cv-00579-WDK-E

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
William D. Keller, Senior District Judge, Presiding

Submitted May 10, 2013[**]
Pasadena, California

Before: NOONAN, WARDLAW, and MURGUIA, Circuit Judges.

Al Shlomo Klaus appeals the award of $1,710,000 in damages following a

jury trial in a civil action brought by the United States to recover fire suppression

costs. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The government's expert damages witness, a financial analyst with the United States Forest Service, testified concerning the costs the federal government incurred to fight the Crown Fire and the Forest Service's methods of ensuring that only costs incurred in fighting the Crown Fire, as opposed to those relating to the contemporaneous Foothill Fire, were attributed to that fire. This testimony, coupled with the government's extensive documentary evidence of its expenses, was sufficient to support the jury's damages award. *See L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 791 F.2d 1356, 1365-66 (9th Cir. 1986).

Klaus argues that the jury's damages award was necessarily speculative because the jury (1) rejected the full amount of damages claimed by the government and (2) deliberated for only one day, a purportedly insufficient amount of time to examine "each piece of paper" produced by the government "to ascertain if charges were properly allocable to the Crown Fire." These arguments are unavailing. First, "the jury is not bound to accept the bottom line provided by any particular damages expert," and the jury had ample evidence before it from which to arrive at its own proper calculation. *In re First Alliance Mortg. Co.*, 471 F.3d 977, 1002 (9th Cir. 2006); *accord Liberty Mut. Ins. Co. v. Indus. Accident Comm'n*, 199 P.2d 302, 306 (Cal. 1948) ("The trier of fact may accept the evidence of any one expert or choose a figure between them based on all the evidence.").

2

Second, the jury was not required to conduct its own audit of the government's source documentation to avoid arriving at a "speculative" award. Instead, it was entitled to rely on the evidence that was presented to it, including the testimony of two damages experts and numerous exhibits, at least three of which were summary-type documents that could be carefully reviewed in less than a day. *See L.A. Mem'l Coliseum Comm'n*, 791 F.2d at 1366.

Because the jury's finding of the amount of damages is supported by substantial evidence and was not speculative, the judgment of the district court is **AFFIRMED.**